UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BRUCE WAYNE MILLER,<br><br>         Plaintiff,<br><br>     v.<br><br>CLIFF ALLENBY, et al.,<br><br>         Defendants. | CASE NO. 1:15-cv-01207-MJS (PC)<br><br>ORDER DISMISSING COMPLAINT FOR FAILURE TO STATE A COGNIZALBE CLAIM<br><br>(ECF No. 1)<br><br>AMENDED COMPLAINT DUE WITHIN THIRTY (30) DAYS |

Plaintiff is a civil detainee at Coalinga State Hospital ("CSH") proceeding *pro se* in this civil rights action pursuant to 42 U.S.C. § 1983. (ECF No. 1.)

On June 17, 2015, Plaintiff filed his Complaint. (ECF No. 1.) It is now before the Court for screening.

**I.     SCREENING REQUIREMENT**

The in forma pauperis statute provides, "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

## II.   PLEADING STANDARD

Section 1983 "provides a cause of action for the 'deprivation of any rights, privileges, or immunities secured by the Constitution and laws' of the United States." *Wilder v. Virginia Hosp. Ass'n*, 496 U.S. 498, 508 (1990) (*quoting* 42 U.S.C. § 1983). Section 1983 "'is not itself a source of substantive rights,' but merely provides 'a method for vindicating federal rights conferred elsewhere.'"  *Graham v. Connor*, 490 U.S. 386, 393-94 (1989) (quoting *Baker* v. *McCollan*, 443 U.S. 137, 144, n. 3 (1979)).

To state a claim under Section 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution and laws of the United States was violated and (2) that the alleged violation was committed by a person acting under the color of state law.  *See West v. Atkins*, 487 U.S. 42, 48 (1988); *see also Ketchum v. Cnty. of Alameda*, 811 F.2d 1243, 1245 (9th Cir. 1987).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a)(2).  Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (*citing Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).  Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  *Id.*  Facial plausibility demands more than the mere possibility that a defendant committed misconduct and, while factual allegations are accepted as true, legal conclusions are not.  *Id.*

## III.   PLAINTIFF'S ALLEGATIONS

Plaintiff is detained at Coalinga State Hospital ("CSH") in Coalinga, California, where the events giving rise to this action occurred.  Plaintiff names Cliff Allenby, Dr. Vega, Unit 7 Supervisor David Lewright, Psychiatric Technicians James Peterson and Luke Koll, and Program #3 Administrator James Walters as Defendants.

Plaintiff alleges essentially the following:

2

In February 2014, Plaintiff was moved from Unit #7 to Unit #8 of the hospital after being raped by a "large Black man" on Unit #7.  (ECF No. 1 at 3.)  Defendant Peterson sexually harassed and threatened Plaintiff with harm.

Sometime from March to December 2014, Defendant Peterson took Plaintiff's spiritual objects, and Defendant Koll stole Plaintiff's television and art supplies.

Plaintiff complained to Defendant Lewright.  In order to stop Plaintiff's complaints, Defendants Lewright and Vega required Plaintiff to take psychotropic medications against his will.

Plaintiff seeks clemency and damages.

**IV.     ANALYSIS**

Plaintiff, a civil detainee pursuant to California Welfare and Institutions Code § 6600 *et seq.*, is not a prisoner within the meaning of the Prison Litigation Reform Act. *Page v. Torrey*, 201 F.3d 1136, 1140 (9th Cir. 2000).  He retains greater liberty protections than individuals detained under criminal process and is "'entitled to more considerate treatment and conditions of confinement than criminals whose conditions of confinement are designed to punish.'"  *Jones v. Blanas*, 393 F.3d 918, 931-32 (9th Cir. 2004) (*quoting Youngberg v. Romeo*, 457 U.S. 307, 322 (1982)).  Treatment is presumptively punitive when a civil "detainee is confined in conditions identical to, similar to, or more restrictive" than his criminal counterparts.  *Id.* at 933.

Plaintiff's right to constitutionally adequate conditions of confinement is protected by the substantive component of the Due Process Clause.  *Youngberg*, 457 U.S. at 315.  A determination whether Plaintiff's rights were violated requires "balancing his liberty interests against the relevant state interests"; the Constitution, however, is not concerned with *de minimis* restrictions on a patient's liberties.  *Id.* at 320-21.  Additionally, there must be a reasonable relationship between "the conditions and duration of confinement" and the purpose for which the civilly confined person is committed*.  Seling v. Young*, 531 U.S. 250, 265 (2001).

### A.     Linkage

Under Section 1983, Plaintiff must demonstrate that each Defendant personally participated in the deprivation of his rights.  *See Jones v. Williams*, 297 F.3d 930, 934 (9th Cir. 2002).  In other words, there must be an actual connection or link between the actions of the Defendants and the deprivation alleged to have been suffered by Plaintiff.  *See Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 691, 695 (1978).

Plaintiff names Cliff Allenby and James Walters as Defendants.  Plaintiff does not allege any facts related to these Defendants or link either of them to a violation of his constitutional rights.  Plaintiff will be granted leave to amend.  If Plaintiff chooses to do so, he must plead specific facts as to what each of these Defendants did to violate his constitutional rights.

### B.     Verbal Harassment

"[V]erbal harassment generally does not violate the Eighth Amendment."  *Keenan v. Hall*, 83 F.3d 1083, 1092 (9th Cir. 1996) (implying that harassment "calculated to . . . cause [the prisoner] psychological damage" might state an Eighth Amendment claim) (*citing Oltarzewski v. Ruggiero*, 830 F.2d 136, 139 (9th Cir. 1987) ("[V]erbal harassment or abuse . . . [alone] is not sufficient to state a constitutional deprivation under 42 U.S.C. § 1983."), *amended by* 135 F.3d 1318 (9th Cir. 1998)); *see also Austin v. Terhune*, 367 F.3d 1167, 1171 (9th Cir. 2004) (explaining that "the Eighth Amendment's protections do not necessarily extend to mere verbal sexual harassment.").

Plaintiff alleges that Defendant Peterson verbally and sexually harassed him.  On these limited facts the Court cannot determine whether the harassment violates Plaintiff's rights as a civil detainee.  Plaintiff will be granted leave to amend.

### C.     Property Confiscation

The Due Process Clause protects against property deprivation without due process of law.  *Wolff v. McDonnell*, 418 U.S. 539, 556 (1974).  To the extent Plaintiff might allege the deprivation was not authorized by state law, *Hudson* precludes a

procedural due process claim based upon an "unauthorized intentional deprivation of property by a state employee if a meaningful post-deprivation remedy for the loss is available." *Hudson v. Palmer*, 468 U.S. 517, 533 (1984). "California law provides an adequate post-deprivation remedy for any property deprivations." *Barnett v. Centoni*, 31 F.3d 813, 816–17 (9th Cir.1994) (*citing* Cal. Gov't Code §§ 810–895).

Plaintiff alleges that Defendant Peterson took Plaintiff's spiritual objects, and Defendant Koll stole Plaintiff's television and art supplies. Plaintiff's use of the word "stole" implies that at least with regards to Defendant Koll, the taking of his property was unauthorized.

Plaintiff does not state a cognizable claim for relief for violation of the Due Process Clause of the Fourteenth Amendment for the deprivation of his property. Plaintiff will be given an opportunity to amend. If Plaintiff chooses to amend, he should allege <u>true</u> facts showing how and why an authorized search deprived him of property without notice and opportunity to contest the deprivation and disposition of the property.

### D. Administering of Medication

Plaintiff alleges that Defendants Lewright and Vega forced him to take psychotropic medication.

The Supreme Court has recognized a liberty interest in freedom from unwanted antipsychotic drugs. *Washington v. Harper*, 494 U.S. 210, 222 (1990). The interest "must be 'defined in the context of the inmate's confinement.'" *United States v. Loughner*, 672 F.3d 731, 745 (9th Cir. 2012) (*quoting Harper*, 494 U.S. at 222). To comport with due process, the government must show both the need for, and medical appropriateness of, the antipsychotic medication. *Riggins v. Nevada*, 504 U.S. 127, 135 (1992). Courts have applied these standards to civil detainees. *See Jurasek v. Utah State Hosp.*, 158 F.3d 506, 511 (10th Cir. 1998); *see also Townsend v. King*, 2014 U.S. Dist. LEXIS 66501, *7-8 (E.D. Cal. May 14, 2014).

Plaintiff fails to allege whether Defendants' actions comported with due process.

He must allege facts to demonstrate the need and medical appropriateness of the medication, or lack thereof. Plaintiff is granted leave to amend.

E.   **Clemency**

Plaintiff seeks clemency. The exclusive method for challenging the fact or duration of Plaintiff's confinement is by filing a petition for a writ of habeas corpus. *Wilkinson v. Dotson*, 544 U.S. 74, 78 (2005); s*ee* 28 U.S.C. § 2254(a). Such claims may not be brought in a section 1983 action. Nor may Plaintiff seek to invalidate the fact or duration of his confinement indirectly through a judicial determination that necessarily implies the unlawfulness of the State's custody. *Wilkinson*, 544 U.S. at 81. A section 1983 action is barred, no matter the relief sought, if success in that action would necessarily demonstrate the invalidity of confinement or its duration. *Id.* at 81-82; *Heck v. Humphrey*, 512 U.S. 477, 489 (1994) (unless and until favorable termination of the conviction or sentence, no cause of action under section 1983 exists); *Huftile v. Miccio-Fonseca*, 410 F.3d 1136, 1140 (9th Cir. 2005) (applying *Heck* to SVPA detainees with access to habeas relief).

Plaintiff's request for clemency is a direct challenge to his custody and its duration. Plaintiff may not seek clemency in a section 1983 action.

F.   **Unrelated Claims**

Federal Rule of Civil Procedure 18(a) allows a party to "join, as independent or alternative claims, as many claims as it has against an opposing party." However, Rule 20(a)(2) permits a plaintiff to sue multiple defendants in the same action only if "any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences," and there is a "question of law or fact common to all defendants." "Thus multiple claims against a single party are fine, but Claim A against Defendant 1 should not be joined with unrelated Claim B against Defendant 2. Unrelated claims against

6

different defendants belong in different suits . . ." *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007) (*citing* 28 U.S.C. § 1915(g)).

Plaintiff's harassment, property confiscation, and involuntary medicating claims do not arise out of the same transaction or occurrence. If Plaintiff chooses to amend, he must choose which claim he wishes to bring in this cause of action.

## V.  CONCLUSION AND ORDER

Plaintiff's Complaint does not state a claim for relief. The Court will grant Plaintiff an opportunity to file an amended complaint. *Noll v. Carlson*, 809 F.2d 1446, 1448-49 (9th Cir. 1987). Plaintiff should note that although he has been given the opportunity to amend, it is not for the purposes of adding new claims. *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007). Plaintiff should carefully read this Screening Order and focus his efforts on curing the deficiencies set forth above.

Finally, Plaintiff is advised that Local Rule 220 requires that an amended complaint be complete in itself without reference to any prior pleading. As a general rule, an "amended complaint supersedes the original" complaint. *See Loux v. Rhay*, 375 F.2d 55, 57 (9th Cir. 1967). Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged. Here, the amended complaint should be clearly and boldly titled "First Amended Complaint," refer to the appropriate case number, and be an original signed under penalty of perjury. Plaintiff's amended complaint should be brief. Fed. R. Civ. P. 8(a). Although accepted as true, the "[f]actual allegations must be [sufficient] to raise a right to relief above the speculative level . . . ." *Twombly*, 550 U.S. at 555 (citations omitted).

Accordingly, it is HEREBY ORDERED that:

1. Plaintiff's complaint (ECF No. 1.) is DISMISSED for failure to state a claim upon which relief may be granted;
2. The Clerk's Office shall send Plaintiff (1) a blank civil rights amended complaint form and (2) a copy of his signed complaint filed June 17, 2015;

3.  If Plaintiff fails to file an amended complaint, in compliance with this order, the Court will dismiss this action, without prejudice, for failure to comply with a court order and failure to prosecute.

IT IS SO ORDERED.

Dated:   September 8, 2015          /s/ *Michael J. Seng*
                                    UNITED STATES MAGISTRATE JUDGE